IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| RON CHRISTOPHER FOOTMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 5:13-cv-02320-TLW |
| ) | |
| MARTIN R. BANKS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**ORDER**

Plaintiff Ron Christopher Footman, proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging that the State of South Carolina, prosecutor Karen Fryer, and defense attorney Martin R. Banks violated his right to due process during his state criminal proceedings. (Doc. #1). This matter is before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Shiva V. Hodges, to whom this case was assigned pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d), (D.S.C.). In the Report, the Magistrate Judge recommends that this Court dismiss the case without prejudice and without issuance and service of process. (Doc. #9). Objections to the Report were due on September 30, 2013. Plaintiff filed no objections.

On September 26, 2013, Plaintiff filed a Motion to Amend the Complaint, requesting permission to strike the State and Defendant Fryer from the Complaint and sue only Defendant Banks in his individual capacity. (Doc. #11). On November 18, 2013, Plaintiff filed a second Motion to Amend the Complaint, requesting permission to sue Defendants Banks and Fryer along with assistant solicitor Carol Frick and Lieutenant Andrew Hayes of the St. Matthews

Police Department, all in their individual capacities. (Doc. #13). On November 19, 2013, Plaintiff filed a second Motion for Leave to Proceed In Forma Pauperis. (Doc. #14).[1]

The Court is charged with conducting a de novo review of any portion of the Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained therein. 28 U.S.C. § 636. However, in the absence of objections to the Report, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendation. See Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). In such a case, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure permits a party to amend its pleading once as a matter of course within 21 days after serving it. Because the Defendants have not yet been served, Plaintiff is entitled to amend his Complaint once as a matter of course. Accordingly, to the extent Plaintiff seeks affirmative relief from the Court in his first Motion to Amend Complaint (Doc. #11), the motion will be granted and the proposed amendments contained therein will be considered Plaintiff's Amended Complaint. Plaintiff thus strikes the State and Karen Fryer as defendants and makes claims only against Martin R. Banks.

The Magistrate Judge's Report properly recommends that this action be dismissed as to Defendant Banks because an attorney, whether a public defender, a court appointee, or a private attorney, does not act under color of state law when performing traditional functions as counsel and thus is not amenable to suit under § 1983. See Polk County v. Dodson, 454 U.S. 312, 325

---

[1] The Magistrate Judge granted Plaintiff's first Motion for Leave to Proceed In Forma Pauperis (Doc. #2) on September 13, 2013 (Doc. #8).

(1981) (public defender); <u>Hall v. Quillen</u>, 631 F.2d 1154, 1155-56 (4th Cir. 1980) (court-appointed attorney); <u>Deas v. Potts</u>, 547 F.2d 800, 800 (4th Cir. 1976) (private attorney). Consequently, Plaintiff's claims against Defendant Banks must be dismissed.

It is therefore **ORDERED** that Plaintiff's first Motion to Amend (Doc. #11) is **GRANTED**, and the proposed amendments contained therein are considered Plaintiff's Amended Complaint. It is **FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. #9) is **ACCEPTED** as to Defendants Banks, and this case is summarily **DISMISSED** without prejudice and without issuance of service of process. Plaintiff's second Motion to Amend (Doc. #13) is **DENIED** in light of the procedural posture of the case; Plaintiff may pursue an appropriate remedy against Karen Fryer, Carol J. Frick, and Andrew G. Hayes in another action. Plaintiff's second Motion for Leave to Proceed In Forma Pauperis (Doc. #14) is **DENIED** as moot, as Plaintiff has already been granted indigency status.

**IT IS SO ORDERED**.

<u>s/ Terry L. Wooten</u><br>
Terry L. Wooten<br>
Chief United States District Judge

September 17, 2014
Columbia, South Carolina